UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH GOMES, EVA M. CONNORS, JENNIFER BOWEN, KATISHA SHOULDERS, KENNETH N. MARENGA, PAMELA PRISCO CARPENTER, STEVEN PETERS AND ZHANNA KARP, Individually and on Behalf of All Others Similarly Situated,<br><br>                       Plaintiffs,<br>    v.<br>STATE STREET CORPORATION, STATE STREET BANK & TRUST COMPANY, NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION, INVESTMENT COMMITTEE OF STATE STREET CORPORATION, AND JANE AND JOHN DOES 1-20,<br>                       Defendants. | Case No. 1:21-cv-10863-MLW |

## ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), asserted against State Street Corporation, State Street Bank & Trust Co., the North America Regional Benefits Committee of State Street Corporation, and the Investment Committee of State Street Corporation (collectively, "State Street" or "Defendants") in connection with the management of the State Street Salary Savings Program (the "Plan"). Plaintiffs and Defendants are, collectively, the "Settling Parties."

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement and Release ("Settlement Agreement"), dated February 9, 2024, executed by counsel for the Settling Parties. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

It is hereby ORDERED as **follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

    A. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

    C. Class Counsel and the Named Plaintiffs have submitted declarations in support of the Settlement; and

    D. Considering the relevant First Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing will be held on August 8, 2024, in Boston, Massachusetts, before the undersigned to determine, among other issues:

    A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    B. Whether the Court should enter the Final Approval Order; and

    C. Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards for the Named Plaintiffs.

3. **Settlement Administrator:** The Court approves and orders that Analytics Consulting, LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

2

A.  The Settlement Administrator shall be bound by the non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

B.  The Settlement Administrator shall use the data provided by Defendants and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

C.  The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4.  **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All Participants and beneficiaries in the State Street Salary Savings Program from May 25, 2015, through the date of entry of the Preliminary Approval Order, inclusive (as defined in the Class Action Settlement Agreement).

The Court appoints Elizabeth Gomes, Eva M. Connors, Jennifer Bowen, Katisha Shoulders, Kenneth N. Marenga, Pamela Prisco Carpenter, Steven Peters, and Zhanna Karp as representatives for the Settlement Class. Further, the Court appoints Scott+Scott Attorneys at Law LLP as counsel for the Settlement Class.

5.  **Class Notice:** The Settling Parties have presented to the Court the Class Notice, which is the proposed form of notice regarding the Settlement for electronic mailing to Settlement Class members.

A.  The Court approves the text of the Class Notice, as modified by the Court and attached as Exhibit A, and finds that the proposed forms and content therein fairly and adequately:

3

       i. Summarize the claims asserted;

       ii. Describe the terms and effect of the Settlement;

       iii. Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards for the Named Plaintiffs;

       iv. Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Settlement Class members' right to appear; and

       v. Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Case Contribution Awards for the Named Plaintiffs.

B. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Class Notice and e-mailing the Class Notice (and Former Participant Rollover Form, where applicable) constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

C. The Settlement Administrator shall send by electronic mail the appropriate Class Notice (and Former Participant Rollover Form, where applicable) to each Settlement Class Member by May 17, 2024, as specified in the Settlement Agreement, based on data provided by the Plan's recordkeeper. The Class Notice shall be electronically mailed to the last known e-mail address of each Settlement Class Member provided by the Plan's recordkeeper (or its designee),

unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known email addresses provided by the Plan's recordkeeper (or its designee). The Settlement Administrator shall use commercially reasonable efforts to locate any Settlement Class Member whose Class Notice is returned and resend such documents one additional time.

      D.    Pursuant to the Plan of Allocation approved and filed with this, Current Participants will receive their settlement payments to their Plan accounts, while Former Participants will receive their settlement payment either via check or by rollover to an individual retirement account or other eligible employer plan, provided they complete the Former Participant Rollover Form and supply adequate information to the Settlement Administrator to effect the rollover by July 25, 2024.

      E.    On or before the date that the Class Notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Class Notice and Former Participant Rollover Form on the Settlement website.

6.    **Attorneys' Fees**: Class Counsel shall file any motion for attorneys' fees by June 20, 2024. In doing so, they shall consider, among other things, the court's decision in <u>Arkansas Tchr. Ret. Sys. v. State St. Bank & Tr. Co.</u>, 512 F. Supp. 3d 196 (D. Mass. 2020).

7.    **Objections to Settlement**: Any objections to any aspect of the Settlement, including any motion for attorneys' fees filed by Class Counsel, shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defense Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defense Counsel by July 11, 2024.

8. **Responses to Objections and Final Approval Motion:** Any party may file a response to an objection by a Settlement Class Member by July 29, 2024. Class Counsel shall file the Final Approval Motion by June 20, 2024.

9. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Settlement Class members, other than by notice via the Court's docket or the Settlement website.

10. **Alteration of Deadlines.** The court may, for good cause, alter any deadlines established by this order, including the deadline for filing any objection to the settlement.

11. **CAFA Notices:** The Court approves the form of the CAFA Notices attached as Exhibit B to this Preliminary Approval Order, and that upon the mailing of the CAFA Notices by the Settlement Administrator, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*

**IT IS SO ORDERED.**

Dated: April 3, 2024

Hon. Mark L. Wolf
United States District Judge