UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH GOMES, EVA M. CONNORS, JENNIFER BOWEN, KATISHA SHOULDERS, KENNETH N. MARENGA, PAMELA PRISCO CARPENTER, STEVEN PETERS, ZHANNA KARP, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET CORPORATION, STATE STREET BANK & TRUST COMPANY, NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION, INVESTMENT COMMITTEE OF STATE STREET CORPORATION, and JANE and JOHN DOES 1-20,<br><br>Defendants. | No. 1:21-cv-10863-MLW |

**DECLARATION OF DARYL F. SCOTT IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, ADMINISTRATIVE EXPENSES, AND CASE <u>CONTRIBUTION AWARD</u>**

Pursuant to 28 U.S.C. § 1746, I, Daryl F. Scott, declare as follows:

1. I am a partner at the law firm of Scott+Scott, Attorneys at Law, LLP ("Scott+Scott"), the Class Counsel in the above-captioned action (the "Action"). I submit this declaration in support of Class Counsel's motion for an award of attorneys' fees in connection with services rendered in the Action, as well as for reimbursement of litigation expenses incurred

in connection with the Action.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2. The schedule attached as **Exhibit 1** is a detailed summary showing the amount of time spent by attorneys and professional support staff of my firm and the firm of co-counsel Peiffer Wolf Carr Kane Conway & Wise, who were involved in, and billed ten or more hours to, this Action, along with the lodestar calculation for those individuals based on the firms current billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based on the billing rates for such personnel in his or her final year of employment by my firm.  The hourly rates for the attorneys and professional support staff of my firm included in **Exhibit 1** are the same as the regular rates charged for their services in non-contingent matters and/or which have been accepted in other complex or class action litigation, subject to subsequent annual increases.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.

3. Time expended on the application for attorneys' fees and reimbursement of litigation expenses has been excluded.

4. The total number of hours reflected in **Exhibit 1** is **1716.5**.  The total lodestar reflected in **Exhibit 1** is **$1,592,559.00**, consisting of **$1,510,826.50** for attorneys' time and **$81,732.50** for professional support staff time.

5. The firms' lodestar figures are based on the firms' billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

6.      As detailed in **Exhibit 2**, my firm is seeking reimbursement for a total of **$115,030.38** in litigation expenses paid or incurred in connection with the prosecution of this Action.

7.      The litigation expenses reflected in **Exhibit 2** are the actual paid or incurred expenses.

8.      The expenses incurred in this Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials, and are an accurate record of the expenses incurred.

9.      My firm has reviewed the time and expense records that form the basis of this declaration to correct any billing errors.

10.     Attached hereto as **Exhibit 3** is my firm's resume and brief biographies of all attorneys currently employed by my firm for whose work on this case fees are being sought.

I declare, under penalty of perjury, that the foregoing facts are true and correct. Executed on June 20, 2024.

_____
Daryl F. Scott