IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH GOMES, EVA M. CONNORS, JENNIFER BOWEN, KATISHA SHOULDERS, KENNETH N. MARENGA, PAMELA PRISCO CARPENTER, STEVEN PETERS, ZHANNA KARP, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET CORPORATION, STATE STREET BANK & TRUST COMPANY, NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION, INVESTMENT COMMITTEE OF STATE STREET CORPORATION, and JANE and JOHN DOES 1-20,<br><br>Defendants. | Civil Action No. 1:21-cv-10863-MLW |

**ORDER ON PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

Wherefore, this twelfth day of August, 2024, upon consideration of Plaintiffs' Motion for Final Approval of the Class Action Settlement Agreement dated February 12, 2024, in the above matter, and after a hearing on August 8, 2024, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

3.      The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement only:

> All Participants and beneficiaries in the State Street Salary Savings Program from May 25, 2015 through the date of the Preliminary Approval Order (as defined in the Class Action Settlement Agreement).

4.      The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

5.      Pursuant to Rule 23(e)(2), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Settlement Class members.

6.      The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

7.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting, LLC, the Settlement Notices (and Former Participant Rollover Form, where applicable) were timely distributed by electronic mail to all Settlement Class members who could be identified with reasonable effort.  In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

8.      The form and methods of notifying the Settlement Class members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process; and due and sufficient notices of the Fairness Hearing and the rights of all Settlement Class members have been provided to all people, powers, and entities entitled thereto, consistent with Rule 23 and due process.

9. The Court finds that the Settlement is fair, reasonable, and adequate based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

    C. The Settling Parties were well positioned to evaluate the value of the Class Action;

    D. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

    E. The Settlement Amount ($4,300,000.00) is fair, reasonable, and adequate. The Settlement Amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation and settlements that have been approved in other similar cases;

    F. The Named Plaintiffs and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

    G. Settlement Class members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

    H. There were no objections to the Settlement.

    I. The Settlement was reviewed by an independent fiduciary who has approved the Settlement on behalf of the Plan.

10. The Motion for Final Approval of Class Action Settlement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class. The Motion for Attorney Fees and Expenses, Administrative Settlement Expenses, and Case Contribution Awards is hereby GRANTED IN PART. As stated at the August 8, 2024 hearing, the court hereby awards: $903,000 in attorneys' fees, which represents 21% of the Qualified Settlement Fund, to Class Counsel; $100,000 in expenses; and $2,500 contribution awards to each of the Named Plaintiffs. The $100,000 expense award shall first be used to pay the Settlement Administration and Independent Fiduciary expenses in full. Class Counsel may retain the remaining balance of the expense award as reimbursement for litigation costs and expenses incurred while prosecuting this action.

11. This Action and all Plaintiffs' Released Claims asserted therein, whether asserted by the Named Plaintiffs on their own behalf or on behalf of the Settlement Class members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

12. The Named Plaintiffs and each Settlement Class member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns shall be: (1) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Defendant Releasees from all of Plaintiffs' Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, and the Defendant Releasees in any action or proceeding alleging any of Plaintiffs' Released Claims, even if any Settlement Class members may thereafter discover facts in addition to or different from those which the Settlement Class members or Class Counsel now know or believe to be true with respect

to the Action and the Released Claims, whether or not such Settlement Class members actually received the Settlement Notices, whether or not such Settlement Class members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Settlement Class members have been approved or allowed.

13. The Plan and each Settlement Class member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be: (1) conclusively deemed to have, and by operation of the Final Approval Order, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Defendant Releasees from all of Plaintiffs' Released Claims, and (2) barred and enjoined from suing Defendants or the Defendant Releasees in any action or proceeding alleging any of Plaintiffs' Released Claims, even if the Plan or any Settlement Class member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Settlement Class member now knows or believes to be true with respect to the Action and Plaintiffs' Released Claims.

14. The Named Plaintiffs and each Class member shall release Defendants, Defense Counsel, Class Counsel, the Defendant Releasees and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Amount or Net Settlement Fund and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Settlement Class members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.

16. The Court finds that all applicable CAFA requirements have been satisfied.

17. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Fund to be allocated to each eligible Current Participant and Former Participant pursuant to the Plan of Allocation filed with this and approved by the Court.

18. With respect to payments, distributions, or rollovers to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

19. Within 28 calendar days following the issuance of all Settlement payments to Settlement Class members as provided by the Plan of Allocation filed with this and approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a Settlement payment, distribution, or rollover from the Settlement Fund and the amount of such payment or distribution.

20. Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: August 12, 2024

Hon. Mark L. Wolf
United States Chief District Judge